# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| v. | * CRIMINAL NO. JKB-11-0162 |
| **LAMONDES WILLIAMS,** | * |
| **Defendant** | * |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Lamondes Williams's motion to dismiss all but one count of the indictment against him. (ECF No. 78.) The counts in question, numbers two through thirty-three, charge Williams with specific instances of mail and wire fraud. Williams argues these counts are multiplicitous. Alternatively, he argues they are defective because they fail to state essential facts constituting the offenses charged. Neither contention has merit. The motion is DENIED.

A multiplicitous indictment charges a single offense in more than one count. *See United States v. Goodine*, 400 F.3d 202, 207 (4th Cir. 2005). Williams contends that all of the various mail fraud counts and all of the various wire fraud counts are really the same offense because they "demonstrate a singular purpose . . . and thus, were part of a course of proscribed conduct punishable as one criminal event." Further, he, quite erroneously, claims, "There is no element required to prove the offense charged in Count two which is not required to prove the offenses through Count twenty-two (wire fraud); as well as Count twenty-three which is not required to prove the offenses through Count thirty-three (mail fraud)." Each count of wire fraud is premised upon a separate posting on craigslist.com web site, and each count of mail fraud is based upon a separate classified advertisement in a periodical. Whether all of these discrete acts

had a singular purpose, allegedly to defraud others, does not change the conclusion that each posting and each advertisement is a separate event that may be the subject of a separate count in an indictment. Each posting and each advertisement requires different proof from every other posting and advertisement. This is not a multiplicitous indictment.

Williams's argument on the lack of essential facts included in the indictment is likewise without merit. He contends that, despite the wealth of particulars set forth therein, the indictment does not state how he executed the alleged scheme to defraud. On the contrary, the indictment clearly alleges that Williams and his codefendant posted the listings on craigslist.com and placed the advertisements in the periodical. It further alleges the two codefendants persuaded customers to participate in their car rental program, and they contracted with vehicle rental agencies to carry out their scheme. The indictment does not fail for lack of particulars. He also asserts that the postings and listings were mere puffery and expressed in vague terms that could not be relied upon by rational adults. That will be a matter of proof at trial. It is not a proper basis for dismissal of the indictment.

DATED this 21st day of October, 2011.

BY THE COURT:

/s/
James K. Bredar
United States District Judge