IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                              |   |                           |
|------------------------------|---|---------------------------|
|                              | * |                           |
| UNITED STATES OF AMERICA     | * |                           |
| v.                           | * | CRIMINAL NO. JKB-11-0162  |
| LAMONDES WILLIAMS, *et al.*  | * |                           |
| Defendant                    | * |                           |

* * * * * * * * * * * *

## MEMORANDUM AND ORDER

In anticipation of trial in this case, the Government filed their MOTION TO ADMIT EVIDENCE PURSUANT TO RULE 404(b) (ECF No. 51). In response, Defendant Williams has filed a motion to exclude that same evidence (ECF No. 68). Upon consideration of these submissions, and relevant law, the Court GRANTS the Government's motion to admit the evidence described in their motion, and DENIES WITHOUT PREJUDICE the Defendant's motion to exclude it. The Government may refer to the evidence in its opening statement and may introduce it during trial without further ruling from the Court. The Defendant is free to renew his motion during the course of the trial to the extent that he believes developments during the proceeding alter the relevance, necessity, reliability, and/or prejudice associated with the "other acts" evidence. If the motion to exclude is renewed during the trial, the Court will rule promptly.

Under *United States v. Hodge*, 354 F.3d 305, 312 (4 Cir. 2004), "other acts" evidence is admissible if: (1) it is relevant to an issue other than character; (2) it is necessary to prove an element of the crime; and (3) it is reliable. Further, the evidence must pass muster under the balancing test of Rule 403. A review of the evidence proffered by the Government in their

motion (ECF No. 51); a comparison of that evidence to the allegations set out in the superseding indictment (ECF No. 54); an application of the test set out in *Hodge*; and a reflection upon the general principles set out in *United States v. Queen*, 132 F.3d 991 (4 Cir. 1997), all together lead the Court to conclude that the proffered evidence is admissible. The evidence tends to prove the Defendant's intent and *modus operandi,* as well as the absence of a mistake or an accident. Thus, it is relevant to an issue other than character and is necessary in that it furnishes proof of an element and provides context for the alleged crime. In the form proffered, it also appears reliable, and there does not appear to be prejudice that outweighs its probativity. The Defendant is free to challenge this evidence, particularly on the grounds of its reliability or undue prejudice, by renewing his motion during the course of the trial. But, absent some other development during the course of trial, the evidence is admissible.

Accordingly, it is ORDERED that the GOVERNMENT'S MOTION TO ADMIT EVIDENCE PURSUANT TO RULE 404(b) (ECF No. 51) is GRANTED, and that the DEFENDANT WILLIAMS' MOTION IN OPPOSITION TO EXCLUDE EVIDENCE THAT GOVERNMENT SEEKS TO INTRODUCE AS INTRINSIC EVIDENCE OR AS 404(b) EVIDENCE WITH MEMORANDUM OF POINTS AND AUTHORITIES (ECF No. 68) is DENIED.

DATED this 21st day of October, 2011.

BY THE COURT:

/s/
James K. Bredar
United States District Judge
